Todd Bofferding, OSB #883720
Bofferding Law Offices P.C.
P.O. Box 539
Hood River, Oregon 97031
541.490.9012
tbofferding@gorge.net

Attorney for Defendant Kenneth Earl Hause

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:18-CR-00319-MO-4 |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S MOTION TO |
| | ) | SUPPRESS DRUG RELATED |
| vs. | ) | EVIDENCE SEIZED WITH |
| | ) | STALE RESIDENTIAL SEARCH |
| KENNETH EARL HAUSE, | ) | WARRANT |
| | ) | |
| Defendant. | ) | (Oral Argument Requested) |

COMES NOW Defendant Kenneth Earl Hause, by and through his attorney Todd Bofferding, and hereby moves this Court for an Order suppressing all drug related evidence seized at Defendant's residence on January 30, 2019, as the search warrant and its supporting affidavit contained only stale information as to whether drug related evidence would be found at Defendant's residence. This Court made this staleness finding on July 17, 2020, and an evidentiary hearing is now required for the government to prove that a recognized exception to the search warrant requirement existed to justify the seizure of all drug related evidence seized by the government on January 30, 2019

1 - MOTION TO SUPPRESS DRUG RELATED EVIDENCE SEIZED AT DEFENDANT RESIDENCE

from Defendant's residence and outbuilding located at 12164 W. Stayton Road SE, Aumsville, Oregon.

This Motion is made pursuant to the Fourth Amendment to the United States Constitution, F.R.Cr.P. 12(b)(1) and 47, as well as related case law cited below.

The Fourth Amendment states the right of the people to be secure in their persons, houses, paper, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

In *Horton v. California*, 496 U.S. 128, 140 (1990) the court held a warrant must state with particularity the place to be searched and the items to be seized; If the scope of the search warrant exceeds that permitted by the terms of the validly issued warrant, the search and any subsequent seizure are unconstitutional.  In this case, since this Court ruled that the search warrant was stale as to drug related items being likely to be found at Defendant's residence and outbuildings, the search and seizure for drug related evidence must be analyzed under a warrantless search analysis, because the execution of the search warrant exceeded the permissible scope by searching for drug related evidence.  The facts of the seizures of methamphetamine, related items and drug associated paraphernalia including but not limited to electronic scales, located during the execution of the search warrant mentioned above is requested by the defense to be suppressed herein.

In *Horton*, id, *Katz v. United States*, 389 U.S. 347, 357 (1967) and *Arizona v. Gant*, 556 U.S. 332, 338 (2009) the courts held when government actors conduct a search

2 - MOTION TO SUPPRESS DRUG RELATED EVIDENCE SEIZED AT DEFENDANT RESIDENCE

without a warrant, they have presumptively violated the Fourth Amendment, and are per se unreasonable. The court also held that this rule is subject to a few specifically established and well delineated exceptions. Pursuant to *Welsh v. Wisconsin*, 466 U.S. 740, 750 (1984) the burden of proof is on the government to demonstrate circumstances that overcome the presumption of unreasonableness that attaches to all warrantless home entries. In this case, the government now bears the burden of proof to produce evidence at a suppression hearing to establish whether the search and seizure of drug related evidence was made pursuant to an established and well delineated exception to the warrant requirement. Therefore, an oral evidentiary hearing is required on this Motion.

If the government is unable to present evidence to the court establishing a recognized exception to the warrant requirement in this case as to seized drug related evidence, then pursuant to *Davis v. United States*, 131 S.Ct. 2419, 2423 (2011) the exclusionary rule applies and the government should be barred from introducing all drug related evidence obtained as a result of the Fourth Amendment violation.

RESPECTFULLY SUBMITTED this 16th day of September, 2020.

*/s/ Todd Bofferding*
Todd Bofferding, OSB #883720
Attorney for Defendant Hause